UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CRIMINAL ACTION NO. 11-47-KKC-JGW
CIVIL ACTION NO. 15-289-KKC-JGW

UNITED STATES OF AMERICA                                            PLAINTIFF

v.

DALE CHISENA                                                        DEFENDANT

REPORT AND RECOMMENDATION

Pending is defendant's motion for habeas corpus pursuant to 28 U.S.C. §2255, which was filed with the assistance of counsel. Doc. 50. Because the §2255 motion was facially untimely, the Court required defendant to show cause in writing why his motion should not be dismissed. Doc. 54. Defendant has filed his show cause statement (doc. 57), to which the United States has responded. Doc. 60. After considering the record and applicable law, the Court recommends that the petition be dismissed as having been untimely filed.

I.  Factual and Procedural History

In June 2012, pursuant to his guilty plea to having traveled interstate to engage in sex with a person under 12 years of age, defendant was sentenced to 360 months' imprisonment. Doc. 44. The plea agreement specifically called for the Court to sentence defendant to 360 months' imprisonment (doc. 35, p. 2) and the Court at rearraignment told defendant that "the penalty for this charge, Mr. Chisena, is not less than 30 years in prison nor more than 30 years -- than life imprisonment . . . ." Doc. 48, p. 13. Defendant explicitly waived his right to file an

1

appeal in his plea agreement (doc. 35, p. 3)[1] and no direct appeal was taken after defendant was sentenced in accordance with the terms of his plea agreement.[2]

The next substantive act in the record occurred when defendant's §2255 motion was filed on September 24, 2015—over three years after his June 14, 2012 sentencing. Doc. 50. The gist of the allegations in defendant's §2255 motion is that counsel was ineffective by promising falsely to file an appeal, which would result in defendant serving only five or six years in prison. Defendant acknowledges his §2255 motion was filed more than one year after his sentence became final but argues the motion should be deemed timely filed because counsel told defendant for about two years after sentencing that "he [counsel] was zealously prosecuting Mr. Chisena's appeal and . . . Mr. Chisena had two years to attack his sentence." Doc. 50-1, p. 8. The Court required the parties to brief the timeliness issue, which they have done.

**II. Analysis**

Generally, "the one-year statute of limitations for §2255 motions begins to run on the date on which the judgment of conviction becomes final." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Defendant's sentence became final fourteen days after his

---

[1] At rearraignment defendant stated under oath that he entered into the plea agreement voluntarily and understood its terms. Specifically, the following colloquy occurred:
> Q [by the Court]. Now, Mr. Chisena, do you understand all the terms and conditions of these documents?
> A [by Defendant Chisena]. Yes, ma'am; I do.
> Q. Has anybody threatened you or tried to force you or coerce you into signing either the plea agreement or the sealed supplement?
> A. No, ma'am; they have not.
> Q. Did you sign them voluntarily?
> A. Yes, I did.

Doc. 48, p. 14.

[2] At rearraignment the plea agreement's waiver clause was discussed by the Court and defendant as follows:
> Q. In Paragraph 6 of your plea agreement, it states that you are giving up your right to file an appeal or any kind of lawsuit collaterally attacking your guilty plea, your conviction, and any sentence this Court imposes. Do you understand?
> A. Yes, ma'am.

Doc. 48, p. 24. At sentencing, defendant was again orally advised by the Court that he had waived his right to file an appeal (doc. 49, p. 23) and defendant signed a form acknowledging that he had waived that right. Doc. 42.

June 2012 sentencing, meaning that the one year period for seeking §2255 relief expired in June 2013. The motion therefore is facially untimely.

"A petition for habeas relief under § 2255 may also be filed within one year of the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(4). [T]he petitioner bears the burden of proving that he exercised due diligence." *Johnson v. United States*, 457 Fed. Appx. 462, 468 (6th Cir. 2012) (quotation marks and citation omitted). Defendant claims he discovered sometime in June 2014 that his attorney had failed to file an appeal, yet defendant failed to seek habeas relief until September 2015. *See* Doc. 50-1, p. 5 ("In June of 2014, Mr. Chisena was contacted by Trial Counsel, who told him that there were no grounds for appeal which would justify a sentence reduction for Mr. Chisena. Trial Counsel never filed any appeal or petition for habeas corpus on Mr. Chisena's behalf."). Thus, even assuming (solely for purposes of argument) that defendant exercised due diligence but still did not discover until June 2014 that no appeal had been filed, 28 U.S.C. § 2255(f)(4) is inapplicable because defendant waited over one year from June 2014 to file his motion. The only method, therefore, by which the §2255 motion could be deemed timely filed is application of the equitable tolling doctrine.

It is beyond cavil that "[t]he one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling." *Johnson*, 457 Fed.Appx. at 469. Defendant bears the burden of demonstrating equitable tolling is appropriate, and he is entitled to the application of that timesaving doctrine only if he shows "(1) he has been pursuing his rights diligently, and (2) . . . some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 469-470 (quotation marks and citations omitted).

In his show cause response, defendant offers few specifics as to why he should be entitled to equitable tolling. His statements regarding his diligence in trying to ascertain whether an appeal had been filed prior to June 2014 are fatally vague. *See, e.g.,* Doc. 57-1, p. 3 ("I called [counsel] several times over the next two years to inquire about the progress of my appeal of sentence.").[3] Merely intermittently attempting to contact counsel is not exercising reasonable diligence, especially in light of the fact that defendant had waived explicitly his right to appeal. In short, defendant has failed to show that he diligently pursued his rights.

Even if the Court were, in an act of extreme leniency, to conclude that defendant had exercised due diligence, he has pointed to nothing to show that any extraordinary circumstance prevented him from timely filing his §2255 motion. In fact, even if the Court goes an extra step and assumes (solely for purposes of argument) that defendant erroneously believed until June 2014 that a direct appeal was forthcoming, defendant still unreasonably waited an additional fifteen months to file his §2255 motion. Defendant has offered no explanation for that delay nor has he demonstrated the existence of an extraordinary circumstance which prevented him from more expeditiously filing a §2255 (either initially after sentencing or once he ascertained that no direct appeal had been filed).[4] Defendant simply has not met his burden to demonstrate that he is entitled to the application of the equitable tolling doctrine.[5]

---

[3] Defendant's sister similarly vaguely states in her affidavit that she "repeatedly attempted to contact" defendant's counsel. Doc. 57-2, p. 1.

[4] The information regarding defendant having allegedly believed until June 2014 that appeal has been filed on his behalf was known at the time current counsel was retained in September 2014, so the one year delay in filing the motion is curious.

[5] The plea agreement's waiver clause normally would be enforced in full. *See, e.g., United States v. Thompson,* 2009 WL 1917073, at *1 (W.D.Ky. July 1, 2009) ("A valid plea agreement which contains a waiver of the right to seek collateral relief will bar such action, including a § 2255 motion attacking a conviction, sentence, or plea."). However, "Sixth Circuit authority . . . has shown that waivers do not always apply categorically." *United States v. Harding,* 2008 WL 4073393, at *20 (E.D. Ky. Aug. 29, 2008). Indeed, the Sixth Circuit has held that "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel . . . it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *In re Acosta,* 480 F.3d 421, 422 (6th Cir. 2007). As Magistrate Judge Atkins has explained: "in order to be non-waivable,

### III. Recommendation

For the foregoing reasons, defendant's 28 U.S.C. §2255 motion (doc. 50) should be **denied** as having been untimely filed.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within fourteen days of being served with a copy of those objections.  Fed. R. Civ. P. 72(b)(2).

This the 12th day of November, 2015.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge

---

an ineffective assistance of counsel claim must have some direct relation to the guilty plea, and not merely a vaguely-articulable connection." *United States v. Goree*, 2010 WL 5980621, at *1 (E.D.Ky. Nov. 30, 2010).  The waiver clause's broad language notwithstanding, therefore, defendant likely retained the right to raise post-conviction claims of ineffective assistance of counsel directly and inextricably related to his guilty plea.  Perhaps some of defendant's claims would therefore not be barred by the plea agreement.  However, it is not necessary for the Court to make definitively such a determination because the §2255 motion was not timely filed.