UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:11-47-KKC-JGW |
| Plaintiff, | |
| V. | MEMORANDUM OPINION AND ORDER |
| DALE CHISENA, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Magistrate Judge Ingram's Report and Recommendation ("R&R") filed November 12, 2015 (DE 61). Defendant submitted his objections to the R&R on November 19. (DE 62).

On June 14, 2012, Defendant Dale Chisena was sentenced to 360 months imprisonment pursuant to his plea of guilty for traveling interstate to engage in in sex with a person less than 12 years of age. (DE 44.) Defendant's plea agreement confirmed his voluntary waiver of his right to appeal. (DE 35 at 3.) On August 5, 2015, Defendant filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. (DE 50.) The motion alleges that Defendant's trial counsel was ineffective in advising a guilty plea while falsely promising to file an appeal that, he assured Defendant, would result in no more than six years of incarceration. (DE 50 at 4.)

Defendant does not dispute that his motion was filed more than one year after his sentence became final and, thus, it was facially untimely under 28 U.S.C. § 2255. (DE 62 at 2.) Instead, Defendant stakes his claim to relief on the doctrine of equitable tolling. (DE 62 at 1.) Defendant bears the burden of establishing his entitlement to equitable tolling.

*Johnson v. United States*, 457 Fed. Appx. 462, 469–70 (6th Cir. 2012) (internal citations omitted). Because this Court agrees with the Magistrate Judge's finding that equitable tolling cannot save the Defendant's motion, it will be denied. *Id.*

Defendant offers the following arguments for the appropriateness of equitable tolling here: (1) his trial counsel "specifically instructed [him] that the statute of limitations did not start to run until two (2) years after the judgment became final" (DE 62 at 1); (2) he was led to believe his trial counsel was preparing an appeal (DE 62 at 1–2); (3) for two years after his Judgment he called his trial counsel multiple times per week with no response (DE 62 at 2)[1]; and (4) his trial counsel represented that his "habeas corpus would be a 'slam dunk' and '[Mr. Chisena] would be out in no time.'" (DE 62 at 2 (alterations in original).) The problem for Defendant is that even if this Court were to accept his arguments and apply equitable tolling to the period he hopes, his Motion would not be saved.

Taking Defendant at his word, this Court could, at most, find that in "the *two* years" following entry of his judgment, Defendant diligently pursued his rights by repeatedly calling his trial counsel, and that the alleged misrepresentations were sufficiently extraordinary to justify equitable tolling for that period. (DE 62 at 2 (emphasis added).) However, that hypothetical holding would only toll the limitations period's running until June 18, 2014, two years after this Court's judgment. (DE 44.). The one year statute of limitations applicable to § 2255 motions could start no later than that date. 28 U.S.C. § 2255(f). Defendant's motion was not filed until September 24, 2015, more than three months after the latest permissible filing date—June 18, 2015. Consequently, Defendant's motion is time-barred.

---

[1] Although Defendant states that these calls occurred "[d]uring the two years, between the Judgment and the filing of this Petition," the record clearly indicates that more than three years separate those two events. (DE 62 at 2; DE 50; DE 44)

2

Accordingly, **IT IS ORDERED** that:

1. The Magistrate Judge's Report and Recommendation (DE 61) is **ADOPTED** as and for the opinion of this Court;

2. Defendant's Motion to Vacate (DE 50) is **DENIED**.

Dated December 9, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY