UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>DALE CHISENA,<br><br>    Defendant. | CRIMINAL NO. 5:11-47-KKC-JGW<br><br><br>**MEMORANDUM OPINION AND<br>ORDER** |

\*\*\* \*\*\* \*\*\*

On December 9, 2014, this Court issued an Opinion and Order denying Dale Chisena's Petition for Writ of Habeas Corpus (DE 63). This matter is now before the Court upon Chisena's notice of his appeal to the United States Court of Appeals for the Sixth Circuit (DE 64). In habeas proceedings, a notice of appeal will be treated as an application for a Certificate of Appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000). For the following reasons, the Court will deny the application.

A Certificate of Appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When a prisoner's habeas corpus petition is denied on procedural grounds, a COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

On August 5, 2015, Chisena filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. (DE 50.) The motion alleges that Chisena's trial counsel was ineffective in advising a guilty plea while falsely promising to file an appeal that, he assured Chisena, would result in no more than six years of incarceration. (DE 50 at 4.) In its Opinion and Order, the Court adopted the Report and Recommendation of the Magistrate Judge recommending that Chisena's petition be denied as time barred. (DE 63.) Chisena did not dispute the facial untimeliness of his petition, but rather asserted that the one year statute of limitations should be equitably tolled. (DE 62.) The problem for Chisena is that even if the statute were tolled for the period requested, his petition would not be saved. Chisena only argued for a two-year tolling period, yet his claim was not filed until more than three years after his final judgment was entered. (DE 62 at 2; DE 50; DE 44). Thus, for reasons more fully set forth in this Court's prior order and the Report and Recommendation adopted therein, the Court finds that reasonable jurists would not find debatable or wrong the Court's assessment of Chisena's claim.

Accordingly, **IT IS ORDERED** that Chisena's Application for a Certificate of Appealability is **DENIED**.

Dated February 19, 2016.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY