UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:11-47-KKC |
|---|---|
| Plaintiff, | |
| v. | OPINION AND ORDER |
| DALE CHISENA, | |
| Defendant. | |

**\*\*\*\* \*\*\* \*\*\***

This matter is before the Court on Defendant Dale Chisena's motion requesting that the Court order his release from prison. (DE 76.) On March 14, 2012, Chisena pleaded guilty to crossing state lines to engage in sex with a person under 12 years of age. (DE 34; DE 35.) His projected release date is August 27, 2036. He is currently incarcerated at FCI Coleman Low.

Chisena now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." He states that he has a heart condition dating back to 1998 that has recently progressed and that he will likely need a high-risk surgery in the future to remedy his condition. (DE 76 at 5, 7.) For the following reasons, Chisena's motion (DE 76) is denied.

I.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to

1

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834 (citation and quotation marks omitted). Here, the government concedes that Chisena has exhausted all administrative remedies required. (DE 79 at 5.) Therefore, the Court has authority to consider Chisena's request for compassionate release.

## II.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in § 1B1.13's application note. *See id*.; *United States v. Elias*, 984

F.3d 516, 519 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

Chisena seeks compassionate release because of a serious medical condition. (DE 76 at 4.) He claims that he has a history of cardiac issues, including aortic stenosis, atherosclerosis, and defective heart valves. (*Id.* at 5-8.) This history dates back to 1998 when Chisena experienced a heart attack and underwent triple bypass surgery. (*Id.* at 5.) According to Chisena, his heart condition has recently progressed, and he will likely need another bypass surgery and valve replacements. (*Id.* at 5, 7.) Chisena argues that his release is necessary because the Bureau of Prisons will likely deny the surgery, as it is high risk and costly. (*Id.* at 8.) Chisena also alleges that medical staff refused to provide him with medication that he was previously prescribed for his condition. (*Id.* at 6.)

Chisena's 2021 medical records largely corroborate that he has a history of cardiac issues. (DE 76-3 at 95, 98, 126.) While his records confirm Chisena's aortic stenosis diagnosis, the examining physician described his stenosis as "moderate" in nature. (*Id.* at 95.) The physician also noted that Chisena reported good compliance with his medication and denied any other symptoms. (*Id.*) Chisena is currently prescribed various medications to manage his cardiac issues. (*Id.* at 98, 126.) However, Chisena has not provided any evidence to support that his heart condition is unmanageable in his current environment or that the Bureau of Prisons would deny him any necessary medication or surgery. Therefore, in its discretion, the Court remains unconvinced that Chisena's cardiac issues reach the necessary level of "extraordinary and compelling" to warrant his release.

Even assuming, however, that Chisena's cardiac issues present extraordinary and compelling circumstances that warrant a sentence reduction, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3) the kinds of sentences available;

18 U.S.C. § 3553(a)(1)-(3).

The § 3553(a) factors also include the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." § 3553(a)(4)-(7).

The Court considered these factors at Chisena's sentencing hearing and has reconsidered these factors for the purposes of this motion. (*See* DE 49, Sentencing Tr.) The nature and circumstances of Chisena's crime are serious—he is convicted of crossing state lines with the intent to engage in a sexual act with a person under 12 years of age. (DE 34; DE 35.) Chisena participated in numerous internet chats with an undercover officer and believed the officer to be the mother of two daughters, ages 9 and 11. (DE 35 ¶ 3.) Chisena's chats were sexually explicit and expressed his intention to perform sexual acts upon the

4

mother and her daughters. (*Id.*) Thereafter, Chisena traveled from Florida to Kentucky to engage in sexual acts with the girls that he believed were only 9 and 11 years old. (*Id.*). At the time of his offense, Chisena was out on bond for state charges related to the possession of child pornography. (PSR ¶ 23.) Based upon the record before it, the Court cannot find that Chisena would not pose a danger to the safety of minors or the community if he were to be released.

The guideline range for Chisena, as established under the sentencing guidelines, was a mandatory minimum of 30 years. (PSR ¶ 39.) The Court accordingly sentenced Chisena to 360 months of imprisonment. (DE 44.) To date, Chisena still has over fifteen years left to serve on his sentence. While the Court recognizes that Chisena has a history of cardiac issues, those issues appear well-managed. (DE 76-3 at 95, 98, 126.) The Court commends Chisena for having committed no disciplinary infractions during his imprisonment. (DE 73 at 8.) However, considering the need for Chisena's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

### III.

In consideration of the § 3553(a) factors and for the reasons stated in this opinion, it is not appropriate to order Chisena's release at this time. The Court hereby ORDERS that Defendant Dale Chisena's motion for compassionate release (DE 76) is DENIED.

Dated June 23, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY