UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>DALE CHISENA,<br>    Defendant. | CRIMINAL NO. 5:11-47-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Defendant Dale Chisena's second motion for compassionate release. (DE 82.) On March 14, 2012, Chisena pleaded guilty to crossing state lines to engage in sex with a person under 12 years of age. (DE 34; DE 35.) His projected release date is August 27, 2036. He is currently incarcerated at FCI Coleman Low.

Once again, Chisena moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Once again, Chisena alleges that his heart condition has progressed, necessitating high-risk surgery. (DE 82 at 5-6.) Chisena also raises concerns about his sister's health. (*Id.* at 11-12.) For the following reasons, Chisena's motion (DE 82) is denied.

I.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

1

whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 (citation and quotation marks omitted).

Here, the government has invoked the mandatory condition by stating that Chisena did not exhaust his administrative remedies before filing his second motion for compassionate release. (DE 84 at 3.) Since Chisena did not submit a second request for compassionate release with the warden of his facility *before* filing his second motion for compassionate release (*see* DE 88), he did not exhaust his administrative remedies. Therefore, the Court denies Chisena's motion for compassionate release on that ground.

Alternatively, even if Chisena properly exhausted his administrative remedies, his motion would also fail on the merits. A sentence reduction under this statute is possible only if the Court finds that "extraordinary and compelling reasons warrant" the sentence reduction and that such a reduction is appropriate after considering the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1107-08. The Court has previously denied a motion for compassionate release filed by Chisena, and continues to find that release is not warranted for the reasons stated in the Court's most recent order denying him compassionate release (DE 81) and at sentencing (DE 49). Regardless of whether his heart condition has worsened, Chisena still fails to provide any evidence to support that his condition is unmanageable in his current environment or that the Bureau of Prisons would deny him any necessary treatment. And the Court is unpersuaded that his sister's poor health reaches the necessary level of "extraordinary and compelling" to warrant his release.

For these reasons and based on the § 3553(a) factors already considered (DE 49; DE 81), Chisena's release is not warranted.

To the extent that Chisena asserts that the prison is not taking adequate measures to protect prisoners from COVID-19 infections (DE 82 at 7-10), this may be viewed as a request for release based upon the Eighth Amendment's prohibition against cruel and unusual punishment. Such a claim is not proper on a motion for compassionate release. Instead, a request for release on constitutional grounds is properly brought as a claim for habeas relief under 28 U.S.C. § 2241 because such claim "challenge[s] the fact or extent of [the defendant's] confinement by seeking release from custody." *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020).[1]

### III.

For the foregoing reasons, the Court finds that it is not appropriate to order Chisena's release at this time. The Court hereby ORDERS that Defendant Dale Chisena's second motion for compassionate release (DE 82) is DENIED.

This 6th day of October, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[1] Moreover, a "defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Chisena had access to and received his COVID-19 vaccine. (DE 84-1 at 50.)

3