UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>DALE CHISENA,<br><br>    Defendant. | CRIMINAL NO. 5:11-47-KKC<br><br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on the defendant Dale Chisena's motion (DE 91) to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). This is his third request for compassionate release.

On June 18, 2012, Chisena pleaded guilty to the offense of crossing state lines with the intent to engage in a sexual act with a minor under the age of 12 years old. By judgment dated June 18, 2012, the Court sentenced Chisena to a prison term of 360 months. According to the Bureau of Prisons' website, Chisena will complete his sentence on August 27, 2036. He is currently incarcerated at FCI Coleman.

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. See 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined

that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834.

Here, unlike the other two times Chisena has filed a motion for relief, Chisena has made a written request to the Warden of his facility, and that request was denied. The government does not dispute that Chisena has met the mandatory condition. Accordingly, the Court may consider this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The Sixth Circuit previously held that district courts "have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time of *Jones*, applied only to motions for compassionate release filed by the warden; it did not apply to motions for compassionate release filed by inmates. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018). However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to make it applicable to inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023).

2

Chisena asserts the following as extraordinary and compelling circumstances: (1) his severe heart disease and other health issues; and (2) his sister has health issues.

The policy statement provides examples of extraordinary and compelling circumstances, which include medical circumstances of the defendant and certain family circumstances of the defendant. U.S.S.G. 1B1.13(b)(1)-(3). Medical circumstances of the defendant may be extraordinary if the defendant is suffering from terminal illness, a serious physical or medical condition, or a serious functional or cognitive impairment that substantially diminishes the defendant's ability to provide self-care within the correctional facility and the defendant is not expected to recover. U.S.S.G. 1B1.13(b)(1). The incapacitation of the defendant's parent may be grounds for compassionate release when the defendant would be the only available caregiver for the parent. U.S.S.G. 1B1.13(b)(3)(C). The family circumstances include "the death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. 1B1.13(b)(3)(A). The policy statement also provides that circumstances "similar in gravity" to the other circumstances, such as the incapacitation of an immediate family member when the defendant would be the only available caregiver for that family member, can also constitute extraordinary and compelling circumstances. U.S.S.G. 1B1.13(b)(5).

**I. Personal Health Issues**

In his letter to the Court, Chisena states that he is suffering from severe heart issues as well as other medical conditions. Despite Chisena's claims that he is terminally ill, the medical records he has submitted support that most of his conditions are moderate. (DE 90-2.) Although the records do support that his valve disease is severe, Chisena does not submit any evidence, apart from his own claims, that he is incapacitated by his conditions and terminally ill. (*Id*.) Further, the BOP found that his conditions are stable, he is not terminally ill, and he is not completely disabled. (DE

3

90.) Additionally, they found that his medical condition does not affect his ability to function in a correctional setting. (*Id*.) Accordingly, his medical conditions do not qualify as an extraordinary circumstance since he does not currently have a medical condition that substantially diminishes his ability for care within the facility.

## II. Sister's Health Issues

Chisena cites his sister's health issues as a reason for compassionate release. He does not, however, claim that he is the only available caregiver for his sister. In fact, his other sister has written to the Court as well and mentioned the allegedly incapacitated sister. Although she mentioned that she herself has chronic kidney disease, she made no assertion that she is unable to care for the incapacitated sister. Accordingly, it does not appear that Chisena is the sole caregiver for his sister. Thus, the Court cannot find that these circumstances rise to the level of extraordinary and compelling reasons warranting compassionate release.

## III. § 3553(a) Factors

Finally, even if Chisena's condition presented an extraordinary and compelling circumstance, the factors set forth in 3553(a) do not support a reduction in Chisena's sentence.

These factors include:

> ((1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B) to afford adequate deterrence to criminal conduct;
>  (C) to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3) the kinds of sentences available;

18 U.S.C. § 3553(a)(1)-(3).

4

The § 3553(a) factors also include the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." § 3553(a)(4)-(7).

The Court considered these factors at Chisena's sentencing hearing and has reconsidered these factors for the purposes of this motion. (See DE 49, Sentencing Tr.) The nature and circumstances of Chisena's crime are serious—he is convicted of crossing state lines with the intent to engage in a sexual act with a person under 12 years of age. (DE 34; DE 35.) Based upon the record before it, the Court cannot find that Chisena would not pose a danger to the safety of minors or the community if he were to be released.

Further, the guideline range for Chisena, as established under the sentencing guidelines, was a mandatory minimum of 30 years. (PSR ¶ 39.) The Court accordingly sentenced Chisena to 360 months of imprisonment. (DE 44.) To date, Chisena still has over twelve years left to serve on his sentence. Considering the need for Chisena's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

## CONCLUSION

For all these reasons, the Court hereby ORDERS that Chisena's motion for compassionate release (DE 90) is DENIED.

This 29th day of August, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY