UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** <br><br> V. <br><br> **DALE CHISENA,** <br> **Defendant.** | **CRIM. ACTION NO. 5:11-CR-47-KKC** <br><br> <u>**OPINION & ORDER**</u> |

*** *** ***

This matter is before the Court on Dale Chisena's emergency motion for compassionate release. (DE 98.) For the following reasons, the motion is denied.

On June 18, 2012, Chisena pleaded guilty to the offense of crossing state lines with the intent to engage in a sexual act with a minor under the age of 12 years old. The Court sentenced him to a prison term of 360 months. According to the Bureau of Prisons' website, Chisena will complete his sentence on August 27, 2036.

I.

Prior to enactment of the First Step Act, courts could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the Court to grant a motion filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " § 3582(c)(1)(A).

The government seems to dispute whether Chisena has properly exhausted his administrative rights here. Per relevant BOP regulations, a defendant's compassionate

release request to their warden must include a proposed release plan. The government cites caselaw which provides that the failure to include a proposed release plan renders the defendant's administrative exhaustion attempt insufficient. (DE 102 at Page ID# 869.) The government next acknowledges that Chisena *did* include a proposed release plan in the compassionate release request he sent to his warden. The government argues, though, that because Chisena's proposed release plan was ultimately not approved by the warden, he failed to exhaust his administrative remedies.

The caselaw the government cites does not support the argument that Chisena failed to exhaust his administrative remedies. *See e.g., United States v. Milliron*, Criminal No. 4:20-CR-011-SDJ, 2021 WL 3032736 at *3 (E.D. Tex. July 19, 2021) (finding administrative remedies not exhausted because the defendant's request to the warden "did not set out the requisite release plan."). Here, Chisena's request to the warden set out the requisite release plan. Whether that plan was approved does not affect the administrative exhaustion analysis. Accordingly, the Court will turn to the merits of Chisena's motion.

## II.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The Court may grant this relief only if it finds (1) "extraordinary and compelling reasons warrant" a reduction, (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (3) the reduction is consistent with applicable sentencing factors set forth in 18 U.S.C. § 3553(a). § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1107-8, 1111 (6th Cir. 2020).

For prong one, recent amendments to the Sentencing Guidelines provide that extraordinary and compelling reasons may exist to reduce a defendant's sentence if the

2

defendant is suffering from a health crisis. *See* U.S.S.G. § 1B1.13(b). A health crisis does not justify release, however, where that crisis can be managed in prison and where that crisis does not affect the defendant's ability to provide self-care. *See United States v. Pratt*, No. 21-6013, 2022 WL 1294435, at *2–3 (6th Cir. Mar. 15, 2022); *see also United States v. Slone*, No. 7:12-05-KKC-4, 2021 WL 164553, at *1 (E.D. Ky. Jan. 19, 2021) (holding that inmate who suffered from heart disease and other conditions did not establish extraordinary and compelling reasons for compassionate release because his conditions did not diminish his ability to provide self-care within the prison environment).

Here, Chisena bases his motion on two medical conditions, heart disease and cancer. The Court recognizes the severity of Chisena's conditions—however progressed they may be. He presents no evidence, however, demonstrating that either of those conditions have worsened to an extent which either prevents him from providing self-care or prevents the BOP from adequately providing him with medical care. To the contrary, Chisena admits in his motion "the cancer care is good." (DE 98 at Page ID# 815.) He takes issue, though, with "the care for his heart." (*Id.*) In a previous compassionate release motion Chisena submitted to the Court, however, the attached medical records demonstrated that his heart condition was being adequately treated and did "not affect his ability to function in a correctional setting." (DE 94 at 4.) Chisena's instant motion provides nothing, by way of supplemental medical records or otherwise, which would warrant disrupting the Court's previous finding.

Accordingly, having failed to demonstrate that his medical conditions cannot be managed while incarcerated or that he cannot adequately provide self-care, Chisena presents no extraordinary and compelling reason meriting a sentence reduction.

### III.

Even if the Court were to find that Chisena presents extraordinary and compelling reasons which warrant relief, it must still consider whether the Section 3553(a) factors support the requested relief. *Jones*, 980 F.3d at 1103. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   B. to afford adequate deterrence to criminal conduct;
>   C. to protect the public from further crimes of the defendant; and
>   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3) the kinds of sentences available.

18 U.SC. § 3553(a)(1)-(3). The Section 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors at Chisena's sentencing, reconsidered them for Chisena's three previous motions for compassionate release, and revisited those factors again for this motion. (DEs 49, 81, 89, 94.) The nature and circumstances of Chisena's crime are serious—he is convicted of crossing state lines with the intent to engage in a sexual act with a person under 12 years of age. (DEs 34, 35.) Based upon the record before it, the Court cannot find that Chisena would not pose a danger to the safety of minors or the community if he were to be released.

Further, the guideline range for Chisena, as established under the sentencing guidelines, was a mandatory minimum of 30 years. (PSR ¶ 39.) The Court accordingly

sentenced Chisena to 360 months of imprisonment. (DE 44.) To date, Chisena still has over ten years left to serve on his sentence. Considering the need for Chisena's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate

## IV.

For the foregoing reasons, Chisena's motion for compassionate release (DE 98) is DENIED.

This 21st day of August, 2025.

*Karen K. Caldwell*

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY